# United States District Court
## for the Northern District of Oklahoma

Case No. 4:25-cv-00338-JDR-SH

MICHELLE HARSHAW,

*Plaintiff*,

*versus*

CSAA GENERAL INSURANCE COMPANY,

*Defendants*.

### OPINION AND ORDER

Plaintiff Michelle Harshaw sustained multiple injuries in a car accident in Edmond, Oklahoma, where she resides. Dkt. 7-1 at 2; Dkt. 7-4 at 1. Ms. Harshaw sued Defendant CSAA General Insurance Company in the District Court of Tulsa County alleging CSAA breached its contract with her in bad faith when it did not compensate her for her injuries under the terms of the contract's uninsured motorist coverage section. Dkt. 7-1 at 1-4. CSAA then properly removed the action to this Court. Dkt. 2. After removal, CSAA filed a Motion to Transfer Venue to the Western District of Oklahoma under 28 U.S.C. § 1406(a) and Federal Rule of Civil Procedure 12(b)(3). Dkt. 7. Ms. Harshaw opposes the motion. Dkt. 14. For the reasons discussed below, CSAA's motion is denied, and the Court transfers the case to the Western District of Oklahoma under 28 U.S.C. § 1404(a).

I

Under 28 U.S.C. § 1406(a), a district court may dismiss a case filed in the wrong venue or, if it is in the interests of justice, transfer the case to a

No. 25-cv-338

district where it could have been "brought." But there are limits to this authority. A court may grant a transfer under § 1406(a) only if the case was brought "in the wrong division or district." *Id.* That is not what happened here. This case was brought in Tulsa County and later removed to this court.

28 U.S.C. § 1441(a) permits removal of a case only "to the district court . . . embracing the place where [the] action is pending." Once a case is removed to a district court under § 1441(a), there is no basis for a § 1406(a) transfer or dismissal. *Lundahl v. Pub. Storage Mgmt., Inc.*, 62 F. App'x 217, 218-19 (10th Cir. 2003). As the Tenth Circuit explained, "removal venue is controlled by 28 U.S.C. § 1441(a) which provides that cases may be removed to the district . . . embracing the place where such action is pending." *Id.* at 218 (quotation marks omitted); *see also Hollis v. Fla. State Univ.*, 259 F.3d 1295, 1300 (11th Cir. 2001) ("[A]s a matter of law, § 1441(a) establishes federal venue in the district where the state action was pending, and it is immaterial that venue was improper under state law when the action was originally filed."). Thus, when a case is properly removed to a district court embracing the place where the case was originally filed, venue in the district court is proper. *See Lundahl*, 62 F. App'x at 219 ("venue in the federal district court for the district of Utah is proper.").

In this case, Ms. Harshaw filed her complaint in state court in Tulsa County. CSAA removed the case to this Court, which "embraces" the District Court of Tulsa County. Under § 1441(a), this Court is the appropriate venue for removal and thus a § 1406(a) transfer is unavailable.

## II

Although transfer is not available under § 1406(a), the court may, in the interest of justice, transfer this matter to a more appropriate venue where it could have been originally filed. *See* 28 U.S.C. § 1404(a) (permitting a district court to transfer an action "[f]or the convenience of parties and witnesses, [and] in the interest of justice . . . to any other district or division

No. 25-cv-338

where it might have been brought"). A district court may transfer a case under § 1404(a) sua sponte, and a motion is not required. *See Kirk Fam. Revocable Tr. v. Flint Ridge Prop. Owners Ass'n*, No. 08-CV-68-TCK-FHM, 2008 WL 5060209, at *4 (N.D. Okla. Nov. 20, 2008). There is no dispute that Ms. Harshaw could have filed this case in the Western District of Oklahoma, and so the Court will consider if transfer to that district supports "the convenience of parties and witnesses" and "the interest of justice." 28 U.S.C. § 1404(a).

This Court must weigh the following factors when considering whether to transfer a case under § 1404(a):

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and[ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (alterations in original) (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)).

Ordinarily, "the plaintiff's choice of forum should rarely be disturbed" and weighs against transfer. *Id.* at 1167. But "the plaintiff's choice of forum receives less deference . . . if the plaintiff does not reside in the district," and courts give "little weight to a plaintiff's choice of forum where [there is] no material relation or significant connection" between the case and the forum. *Id.* (quotation marks removed). Ms. Harshaw is not a resident of this district, and the accident giving rise to her injuries did not take place here.

3

No. 25-cv-338

Dkt. 7-1 at 1-2; Dkt. 7-4 at 1. Ms. Harshaw resides in Edmond, which is in Oklahoma County and lies within the jurisdiction of the Western District of Oklahoma. *Id.* Although she alleges that "the accident, injuries, and insurance contract . . . and the claims decision to delay and deny payment" all took place in Tulsa, Oklahoma, Ms. Harshaw contradicts that allegation on the next page of her complaint, which alleges that the accident occurred in Edmond. Dkt. 7-1 at 1-2.[1] The insurance policy declaration covering Ms. Harshaw's car also describes her place of residence and the location of the insurance sales representative as "Edmond, OK." Dkt. 7-4 at 1. And CSAA has provided sworn affidavits from casualty adjuster Jennifer Dunn and casualty claims supervisor Kenda Copp stating that no part of CSAA's decision regarding Ms. Harshaw's claim occurred within Tulsa County. Dkts. 7-5, 7-6. Given the evidence and allegations, there is no clear "material relation or significant connection to [Ms. Harshaw's] chosen forum," and the Court will "accord little weight" to her choice. *Emps. Mut. Cas. Co.*, 618 F.3d at 1168. This factor cuts against transfer.

The second factor, "the accessibility of witnesses and sources of proof . . . is the most important factor in deciding a motion under § 1404(a)." *Id.* at 1169. In considering this factor, a district court may consider only the accessibility of those witnesses that have been identified with their locations. *Id.* A court must consider the "quality and materiality" of the witnesses' testimony, whether any "witnesses [a]re unwilling to come to trial[,]" whether "deposition testimony would be unsatisfactory[,]" and whether "the use of

---

[1] Besides this, the only mention of Tulsa or Tulsa County in the body of Ms. Harshaw's complaint is her allegation that CSAA has unnamed "agents" within the county and her claim that the Tulsa County District Court "has jurisdiction and venue is proper[.]" Dkt. 7-1 at 1. The body of Ms. Harshaw's response to the motion to transfer venue mentions Tulsa three times, all in the context of her original filing decision or the location of this Court. Dkt. 14 at 1, 3.

4

compulsory process would be necessary" in determining if the factor cuts for transfer. *Id.*

The only potential witnesses so far identified are Ms. Harshaw and her husband Robert Harshaw (both of whom reside in the Western District), Ms. Dunn (a Missouri resident), Ms. Copp (a Colorado resident), and Casey McCoy, the representative who sold Ms. Harshaw her insurance policy in Edmond, Oklahoma, and whose residence is unknown. Dkt. 7-4 at 1; Dkt. 7-5; Dkt. 7-6. There is no evidence that any of these witnesses reside in the Northern District of Oklahoma, and most of them are confirmed to reside outside of this district. There is neither evidence that any witness would need to be compelled to attend trial in either district nor evidence that deposition testimony would be unsatisfactory. This factor is therefore neutral.

Under the third factor, the court compares "the potential cost of litigating" in the two venues. *Emps. Mut. Cas. Co.*, 618 F.3d at 1169. Neither party has introduced specific evidence concerning the potential cost of litigation. But it is apparent that multiple potential witnesses would have to travel from Edmond to Tulsa to give testimony if the case remains here. If this case were transferred to the Western District of Oklahoma, at least these witnesses would not be required to travel. With respect to the two witnesses outside of Oklahoma, there is no evidence that travel to the Western District is any more or less expensive for them than travel to the Northern District. This factor weighs in favor of transfer.

When applying the sixth factor, the court compares the administrative difficulties of court congestion between the two courts, as measured primarily by "the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge." *Id.* The Western District of Oklahoma has a higher median time from filing to disposition than the Northern District for civil cases, and slightly more pending cases per judge. However, the Northern District has a significantly higher

No. 25-cv-338

median time from filing to disposition for criminal cases and over double the percentage of civil cases pending for over three years. *See* Administrative Office of the United States Courts, Federal Court Management Statistics June 2025.[2] The levels of congestion in the two courts are similar but the ongoing backlog in the Northern District weighs in favor of transfer.

The fourth, fifth, and seventh factors are not relevant to this decision. Both the Northern and Western Districts are in Oklahoma, and the case will apply Oklahoma law, so there is no conflict of laws concern and no advantage to having a local court determine issues of local law. CSAA has not identified any obstacles to a fair trial in the Northern District, nor has it raised any questions about the enforceability of a judgement of this Court.

The final factor requires the court to evaluate "all other considerations of a practical nature that make a trial easy, expeditious and economical." *Emps. Mut. Cas. Co.*, 618 F.3d at 1167. This factor favors transfer. No parties, witnesses, or proof are in the Northern District. Relevant witnesses and proof, as well as the underlying accident, are in the Western District, where the policy at issue was sold. Dkt. 7-1 at 1-2; Dkt. 7-4 at 1. Trial will be clearly easier and more expedient in a district with a significant relation to the case.

The Court also finds that the interests of justice would be served by transfer. Having a jury drawn from the area connected with a dispute is more in line with justice than having one drawn from an area unconnected to the matter. *See Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. of Durango*, 464 F. Supp. 2d 1095, 1100 (D. Colo. 2006) (transferring a case under § 1404(a) to be tried by a locally selected jury in the interest of justice).

Totaling up the factors, the plaintiff's choice of forum weighs against transfer, but only minimally. Given the complete lack of connection between

---

[2] https://www.uscourts.gov/data-news/reports/statistical-reports/federal-court-management-statistics/federal-court-management-statistics-june-2025.

No. 25-cv-338

the allegations of the complaint and the Northern District of Oklahoma (save for a single allegation that was directly contradicted by other, more detailed allegations), Ms. Harshaw's choice of forum is entitled to little weight. All the other factors are either neutral or support transfer, largely because of this same lack of real connection between Ms. Harshaw's allegations and this district. Weighed together, the factors favor transfer.

For the reasons discussed above, Defendant's motion to transfer under § 1406(a) is denied. The Court nevertheless transfers this case to the United States District Court for the Western District of Oklahoma under § 1404(a).

DATED this 12th day of September 2025.

_____
JOHN D. RUSSELL
*United States District Judge*